**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1758

ANNIE BOONE,

        Plaintiff - Appellant,

   v.

BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA,

        Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:17-cv-00113-LCB-JEP)

Submitted: May 24, 2021                                       Decided: June 11, 2021

Before AGEE and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig Hensel, HENSEL LAW, PLLC, Greensboro, North Carolina, for Appellant. Joshua H. Stein, Attorney General, Nora F. Sullivan, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Annie Boone appeals the district court's order granting summary judgment to the Board of Governors for the University of North Carolina ("UNC") on her claim under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 to 7961, and her retaliation claim under the Family Medical Leave Act, 29 U.S.C. §§ 2601 to 2654 (FMLA), as well as the district court's order granting UNC's motion to dismiss her failure to accommodate claim under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 to 12165 (ADA), and her FMLA interference claim. We affirm.

Boone first argues that the district court erred in dismissing her ADA Title II claim. We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting as true all of the factual allegations contained in the complaint and drawing all reasonable inferences from those facts in favor of the plaintiff. *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). Title II prohibits discrimination against "qualified individual[s] with a disability" in the delivery of "services, programs, or activities of a public entity." 42 U.S.C. § 12132. In *Reyazuddin v. Montgomery Cnty., Md.*, 789 F.3d 407, 420-21 (4th Cir. 2015), we held that "Title II unambiguously does not provide a vehicle for public employment discrimination claims." This unequivocal holding is binding on this court. *See United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)). Accordingly, we affirm the district court's dismissal of Boone's ADA claim.

2

Boone next argues that the district court erred in granting summary judgment to UNC on her Rehabilitation Act failure to accommodate claim. We review de novo the district court's order granting summary judgment. *Calloway v. Lokey*, 948 F.3d 194, 201 (4th Cir. 2020). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).

Section 504 of the Rehabilitation Act makes it unlawful for a federal agency to discriminate against a "qualified individual with a disability . . . solely by reason of her or his disability." 29 U.S.C. § 794(a).

> To establish a prima facie case for failure to accommodate under the Rehabilitation Act, a plaintiff must demonstrate that: (1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of the position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation.

*Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019), *cert. denied* 140 S. Ct. 1294 (2020); *see* 29 U.S.C. § 794(d) (employment discrimination claims under the Rehabilitation Act are analyzed using the same standards as such claims brought under the ADA). Employers have "a good-faith duty to engage with their employees in an interactive process to identify a reasonable accommodation." *Jacobs*, 780 F.3d at 581 (internal quotation marks and brackets omitted); *see also* 29 C.F.R. § 1630.2(o)(3).

Both parties claim the other caused a breakdown of the interactive process. It is nonetheless uncontested that Boone failed to provide medical documentation substantiating her disability, and that she requested accommodations of either unpaid leave or light duty work. We disagree with Boone that UNC placed her in an impossible predicament, given her failure to provide relevant information to her primary healthcare provider and that provider's testimony that full knowledge of Boone's situation might have changed her recommendations regarding Boone's ability to work.

Regardless of who was responsible for the breakdown, however, Boone did not demonstrate that her suggested accommodations were reasonable. "[A]n employer will not be liable for failure to engage in the interactive process if the employee ultimately fails to demonstrate the existence of a reasonable accommodation that would allow her to perform the essential functions of the position." *Jacobs*, 780 F.3d at 581. Boone suggested two potential accommodations: light duty work or leave. Indefinite leave is not considered a "reasonable accommodation" under the Rehabilitation Act, however. *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 346 n.8 (4th Cir. 2013) ("In leave cases, the accommodation must be for a *finite* period of leave."); *Halpern v. Wake Forest Univ. Health Sci.*, 669 F.3d 454, 465 (4th Cir. 2012) ("[T]he Rehabilitation Act and ADA do not require an employer to give a disabled employee an indefinite period of time to correct a disabling condition that renders [her] unqualified." (alteration and internal quotation marks omitted)).

Similarly, indefinite light duty work is not a reasonable accommodation. *See Carter v. Tisch*, 822 F.2d 465, 467 (4th Cir. 1987) (holding that an employer is not obligated to

4

assign a disabled employee to permanent light duty where that duty differs from the employee's ordinary work). According to uncontroverted evidence in the record, assigning Boone to light duty work would have required other UNC officers to cover Boone's other duties for an unknown period of time. An accommodation is not reasonable if it requires other employees to work harder or the employer to hire additional staff to perform the essential functions of the disabled employee. *See Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 687 (4th Cir. 1997); 29 C.F.R. Pt. 1630, App. at § 1630.2(o) ("An employer or other covered entity is not required to reallocate essential functions."). Accordingly, we affirm the district court's grant of summary judgment to UNC on Boone's Rehabilitation Act claim.

Next, Boone argues that the district court erred in dismissing her FMLA interference claim. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA. 29 U.S.C. § 2615(a)(1). "To make out an 'interference' claim under the FMLA, an employee must thus demonstrate that (1) [s]he is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015).

Under the FMLA, an eligible employee is entitled to 12 workweeks of leave during any 12-month period due to "a serious health condition that makes the employee unable to perform the functions of such employee." 29 U.S.C. § 2612(a)(1)(D). At the end of such leave, the employee shall be entitled "to be restored by the employer to the position of employment held by the employee when the leave commenced." 29 U.S.C.

5

§ 2614(a)(1)(A). "If the employee is unable to perform an essential function of the position because of a physical or mental condition," however, "the employee has no right to restoration to another position under the FMLA." 29 C.F.R. § 825.216(c).

Boone received the full 12 weeks of FMLA leave to which she was entitled and she did not attempt to return to work until several weeks after her FMLA leave had expired. Boone therefore has not established that UNC interfered with her FMLA rights. We thus affirm the district court's dismissal of Boone's FMLA interference claim.

Finally, Boone argues that the district court erred in granting summary judgment to UNC on her FMLA retaliation claim. "Courts analyze FMLA retaliation claims . . . under the *McDonnell Douglas*[*] burden-shifting framework." *Hannah P.*, 916 F.3d at 347. "An FMLA plaintiff claiming retaliation must first make a prima facie showing that [s]he engaged in protected activity, that the employer took adverse action against [her], and that the adverse action was causally connected to the plaintiff's protected activity." *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 304 (4th Cir. 2016) (internal quotation marks omitted). "If the plaintiff establishes a prima facie case, the burden shifts to the defendant to provide a legitimate, nonretaliatory reason for taking the employment action at issue." *Hannah P.*, 916 F.3d at 347. "If the defendant does so, the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason is pretextual." *Id.*

Even assuming Boone established a prima facie case, we agree with the district court that she failed to rebut UNC's proffered reason for termination: her lack of availability for

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972).

work. At the time UNC terminated her employment, Boone had been on either FMLA leave or unpaid leave for nearly six months. UNC's reliance on the Fitness Medical Risk Training Group's recommendation was a legitimate, nonretaliatory reason for its termination decision. We agree with the district court that Boone's assertions regarding UNC's retaliatory intent were based on speculation, not evidence; indeed, that UNC offered Boone a period of leave after the expiration of her FMLA leave undermines the argument that UNC terminated her employment in retaliation for the exercise of her FMLA rights.

    Accordingly, we affirm the district court's orders and judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*